UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RENO COVA; ) | |
| LOGAN O' CONNOR; ) | |
| ZACH SPLAINGARD; on behalf of themselves ) | |
| and all others similarly situated, ) | |
|                                           ) | |
|     Plaintiffs, ) | |
|                                           ) | Case No. 4:16-cv-00675 |
| v.                                        ) | |
|                                           ) | JURY TRIAL DEMANDED |
| CHARTER COMMUNICATIONS, INC., ) | |
|                                           ) | |
|     Defendant. ) | |

## NOTICE OF REMOVAL

Charter Communications, Inc. ("Charter") respectfully notifies the Court that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, it has on this day removed the case captioned *Reno Cova, Logan O'Connor, and Zach Splaingard, on behalf of themselves and others similarly situated v. Charter Communications, Inc.*, Case No. 1622-CC00842, from the Twenty-Second Judicial Circuit, St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this Notice of Removal, Charter states as follows:

### I. INTRODUCTION

1. Plaintiffs filed this purported class action against Charter on or about April 5, 2016.

2. Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiffs' Class Action Petition (hereinafter, "Complaint"), together with "all process, pleadings, and orders served upon" Charter, are attached as **EXHIBIT A**.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because

Charter was served with the Complaint on April 13, 2016, and Charter filed this Notice of Removal within thirty (30) days of service.

4. This suit focuses on the alleged sale or release by Charter of subscribers' "personally identifiable information." (Ex. A, Complaint, ¶ 11).

5. According to the Complaint, Charter did not offer its products and services to customers at the total dollar rates marketed and advertised. (Ex. A, Complaint, ¶ 11).

6. Rather, in addition to collecting that amount from subscribers, Charter also allegedly provided its subscribers' "personal identifiable information," as well as other subscriber information, to third parties in return for valuable consideration, all without the knowledge of subscribers. (Ex. A, Complaint, ¶¶ 11-14).

7. Plaintiffs allege Charter's practices were deceptive, violated subscribers' rights to privacy, and violated subscribers' rights to publicity. (Ex. A, Complaint, ¶ 15).

8. Based upon these allegations, Plaintiffs assert a single claim against Charter alleging violations of Missouri's Merchandising Practices Act ("MMPA"), RSMo. § 407.020, *et seq.* (Ex. A, Complaint, ¶¶ 19-24).

9. For relief, Plaintiffs allege that they have suffered an "ascertainable loss in money in an amount yet to be determined. (Ex. A, Complaint, ¶ 23).

10. Plaintiffs also seek punitive damages. (Ex. A, Complaint, *ad damnum* clause).

11. Plaintiffs also seek the recovery of attorneys' fees. (Ex. A, Complaint, *ad damnum* clause).

12. On April 5, 2016, the same day this case was filed, these very same Plaintiffs represented by the same attorneys also filed a case in this Court with nearly identical factual allegations and asserting claims under federal law. *See* Case No. 4:16-CV-0469-RLW. Charter

respectfully submits that this tactic of filing two lawsuits in two venues based on the same set of underlying facts is improper claim-splitting. But the takeaway, for purposes of this removal, is that the dispute between Plaintiffs and Charter presents questions regarding federal claims and federal statutes.

## II.  THE CLASS ACTION FAIRNESS ACT OF 2005

13.   The Class Action Fairness Act of 2005 ("CAFA") was signed into law on February 18, 2005.

14.   CAFA authorizes the removal of putative class actions "commenced" on or after February 18, 2005, if: (i) the amount-in-controversy exceeds $5 million in the aggregate; (ii) the citizenship of at least one member of the proposed class is diverse from any defendant; and (iii) the proposed class size is not less than 100. *See* 28 U.S.C. § 1332(d)(2)(A), d(5)(B), d(6), "note re: "Effective and Applicability Provisions – 2005 Acts"; Pub. L. 109-2, 119 Stat. 4, § 9 (2005).

### This is a Putative Class Action "Commenced" After February 18, 2005

15.   For purposes of CAFA, an action is "commenced" when it is filed in state court.

16.   Plaintiffs filed this case in state court on or about April 5, 2016. (Ex. A, Complaint).

17.   The caption and title of Plaintiffs' Complaint makes clear that this is a class action that Plaintiffs purport to bring "on behalf of themselves and all others similarly situated." (Ex. A, Complaint).

18.   Therefore, this is a putative class action "commenced" after February 18, 2005.

### The Alleged Amount-In-Controversy Exceeds $5 Million

19.   The Complaint does not include specific allegations regarding damages.

20. As of April 21, 2016, Charter had approximately 530,402 residential subscribers in the State of Missouri. Affidavit of Christine Flores, ¶ 4, attached as **EXHIBIT B**.

21. While Charter denies that it is liable in anyway, a recovery of less than $10 per Missouri residential subscriber (approximately $9.43) would exceed the amount in controversy requirement.

22. Taking into account the additional claims for punitive damages and attorneys' fees, CAFA's amount-in-controversy requirement is easily satisfied. *E.g., Blake v. Career Educ. Corp.*, Case No. 08CV00821 ERW, 2008 WL 4151795, at *2 (E.D. Mo. Sept. 4, 2008) ("It is well established that, when calculating the amount in controversy, punitive damages are to be included.") (citing *Allison v. Security Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992)); *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943) (holding that potentially recoverable punitive damages must be taken into account to determine jurisdictional amount).

### The Citizenship of At Least One Putative Class Member and Charter Is Diverse

23. Plaintiffs Cova and O'Connor are alleged citizens of Missouri. (Ex. A, Complaint, ¶¶ 1-2).

24. Plaintiff Splaingard is an alleged citizen of Illinois. (Ex. A, Complaint, ¶ 3).

25. Charter Communications, Inc. is a corporation organized under the laws of the State of Delaware with its principle place of business in Connecticut. (Ex. B, Flores Aff., ¶ 3).

26. Accordingly, Charter is a citizen of the States of Delaware and Connecticut. 28 U.S.C. § 1332(c)(1).

27. CAFA's minimal diversity requirement is therefore satisfied. 28 U.S.C. § 1332(d)(2)(A).

### **The Alleged Class Size Is Greater than 100**

28. As already stated, there were approximately 530,402 Charter residential subscribers in the State of Missouri, as of April 21, 2016. (Ex. B, Flores Aff., ¶ 4).

29. The alleged putative class is thus sufficiently large pursuant to 28 U.S.C. § 1332(d)(5)(B).

### **CAFA Authorizes Removal**

30. In sum, CAFA authorizes removal of this case to federal court, because: (i) plaintiffs' proposed class action "commenced" after February 18, 2005; (ii) the alleged aggregate amount-in-controversy exceeds $5 million; (iii) there is diversity of citizenship; and (iv) the alleged class size exceeds 100.

### III. CONCLUSION

31. For all of the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

32. Concurrent with the filing of this Notice of Removal, Charter is giving Plaintiffs written notice of the filing of this Notice of Removal as is required by 28 U.S.C. § 1446(d).

33. Pursuant to the requirements of 28 U.S.C. § 1446(d), Charter is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri.

34. Removal to the United States District Court for the Eastern District of Missouri, Eastern Division, is proper pursuant to 28 U.S.C. § 1441(a), because this forum embraces the Circuit Court of the City of St. Louis, Missouri, the place where this action is pending. 28 U.S.C. § 105(a)(1).

35. Charter has given the undersigned attorneys authority to sign and file this Notice of Removal.

WHEREFORE, Charter removes to this Court the action captioned as *Reno Cova, Logan O'Connor, and Zach Splaingard, on behalf of themselves and others similarly situated v. Charter Communications, Inc.*, Case No. 1622-CC00842, currently pending in the Circuit Court of the City of St. Louis, Missouri, to this Court.

    Respectfully submitted,

    THOMPSON COBURN LLP

    By:/s/ Matthew D. Guletz
       Roman P. Wuller, # 36115MO
       Matthew D. Guletz, #57410MO
       One U.S. Bank Plaza, Suite 2500
       St. Louis, Missouri 63101
       (314) 552-6000 (telephone)
       (314) 552-7000 (facsimile)
       *rwuller@thompsoncoburn.com*
       *mguletz@thompsoncoburn.com*

    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system and via U.S. Mail, first class, postage prepaid, on this 13th day of May, 2016, to the following:

Benjamin R. Schmickle
SWMK Law, LLC
701 Market St.
Suite 1000
St. Louis, MO 63101

*Attorneys for Plaintiff*

    /s/ Matthew D. Guletz