IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| RENO COVA; | ) | JURY TRIAL DEMANDED |
| LOGAN O'CONNOR; | ) | |
| ZACH SPLAINGARD; on behalf of themselves | ) | |
| and all others similarly situated, | ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION PETITION

COME NOW Plaintiffs on behalf of themselves and all other similarly situated, and for his cause of action pursuant to § 407.025 RSMo 2015 et seq., states and alleges as follows:

## PARTIES

1. Plaintiff RENO COVA is currently a citizen and resident of the City of St. Louis, Missouri. Mr. Cova has been a Charter Communications, Inc. subscriber in the City of St. Louis since approximately 2005 until present.

2. Plaintiff LOGAN O'CONNOR is currently a citizen and resident of the City of St. Louis, Missouri. Mr. O'Connor has been a Charter Communications, Inc. subscriber in the City of St. Louis since approximately 2014 until present, and was previously a subscriber in St. Louis County, MO since approximately 2010.

3. Plaintiff ZACH SPLAINGARD is currently a citizen and resident of Madison

1

EXHIBIT
A

County, Illinois. Mr. Splaingard was a Charter Communications, Inc. subscriber in the City of St. Louis from approximately 2007 until 2010, and is also a current subscriber in Madison County, Illinois.

4. Defendant CHARTER COMMUNICATIONS, INC. is a for profit corporation currently conducting operations in the City of St. Louis and throughout other areas in Missouri.

## JURISDICTION AND VENUE

5. Pursuant to § 508.010.4 RSMo, the Twenty-Second Judicial Circuit, State of Missouri is an appropriate venue because the false representations and deceptive practices occurred in the City of St. Louis, Missouri, to Plaintiffs and other residents of St. Louis who purchased Defendant's products and services in the City of St. Louis, Missouri.

6. The Circuit Court of the City of St. Louis, Missouri has personal jurisdiction over Defendant because Defendant transacts business in Missouri, with its various advertising methods products, services, and sales directed toward Missouri residents.

7. This is a civil case in which the Twenty-Second Judicial Circuit, State of Missouri has jurisdiction pursuant to Mo. Const., Art. V. § 14.

8. The amount in controversy exceeds $25,000.00.

## FACTUAL ALLEGATIONS

9. On and before January 2013 until present, Defendant Charter Communications, Inc. herein was in the business of selling and advertising for sale certain merchandise as retail products in trade or commerce within the City of St. Louis, and other cities and counties throughout the State of Missouri, to wit: internet services, television services, phone services, and leases of physical equipment such as cable boxes, cable cards, modems, and routers.

2

10. On and before January 2013 until present, and pursuant to each monthly contract Defendant advertised and marketed that Defendant was selling or providing its services for the applicable monthly itemized rates, depending on the services purchased and goods leased.

11. In fact, however, and as Defendant well knew at the time, Defendant's products and services were not being offered for or provided at the total dollar rates marketed, advertised, and intended, to wit: upon subscribing or purchasing Defendant's services and products, Defendant did not disclose that it would be selling or providing for other valuable consideration, Defendant's subscribers' personally identifiable information, specifically names, addresses, and other subscriber information such as retail subscription packages/channels, to third parties unknown to the subscribers and known to Defendant.

12. Plaintiffs entered into contracts to purchase Defendant's products and services and in fact purchased Defendant's products and services based on Defendant's representations.

13. When Defendant marketed, advertised, distributed, and sold Defendant's products and services at the marketed rates on television, radio, and internet advertisements, it did not inform Plaintiffs that Defendant would also be selling or appropriating their personally identifiable information to undisclosed third parties with varying frequency in exchange for valuable consideration.

14. Plaintiffs, without knowledge or without adequate opportunity to consent to the sale of their personally identifiable information to third parties, used and continued to use Defendant's product or services.

15. As a result of Defendant's dissemination of Plaintiffs' personally identifiable information to third parties without Plaintiffs' knowledge or adequate opportunity to consent to

each dissemination and/or use:

    a. Defendants' advertisements and agreements with Plaintiffs were deceptive, fraudulent, and misleading;

    b. Plaintiffs' right to privacy was violated; and/or

    c. Plaintiffs' right to publicity was violated.

16. As a result of Defendant's deceptive practices in its marketing, advertisements, representations, and contracts with Plaintiffs, Defendant fraudulently or negligently induced Plaintiffs to purchase its products and services through material misrepresentations.

17. This action is brought by Plaintiffs against Defendant to recover all money paid by Plaintiffs to Defendant in exchange for their marketing, advertising, and sale of deceptive services and products, as well as the loss of their rights to privacy and publicity.

## COUNT I

**(Merchandising Practices Act)**

18. Plaintiffs incorporate by reference all preceding paragraphs of this petition as if fully set forth herein.

19. Defendant's representation that Defendant's services and products were sold for the advertised rates, without reference to the sale of Plaintiffs' personally identifiable information, was false and made knowingly by Defendant, and was therefore a deception, fraud, false pretense, false promise, and/or misrepresentation as described at § 407.020 RSMo and a violation thereof.

20. Pleading alternatively, Defendant's representation that the services and products were being sold for the advertised rates, without reference to the sale of Plaintiffs' personally identifiable information, constituted the omission or suppression of a material fact in violation of

4

the provisions of § 407.020 RSMo in that Defendant's did not contract to purchase a license or other authority to disseminate Plaintiffs' personally identifiable information in violation of their right to privacy and right to publicity.

21.     Defendant's representations that Defendant's services products were sold at the advertised and marketed rates were material to Plaintiffs' decisions to purchase Defendant's services and products.

22.     Plaintiffs relied on Defendant's representation to Plaintiffs' detriment and suffered damages as a direct and proximate a violation of their right to privacy, a violation of their right to publicity, unjust enrichment by Defendant.

23.     Defendant's conduct as described herein was intentional and in violation of § 407.020 RSMo, and the regulations of the Attorney General of Missouri promulgated thereunder, and as a direct and proximate result of Defendant's illegal conduct, Plaintiffs have suffered ascertainable loss in money in an amount yet to be determined.

24.     Defendant's conduct was intentional, wrongful, and malicious and entitles Plaintiffs to the recovery of punitive damages as authorized by statute at § 407.025.1 RSMo.

WHEREFORE, having stated Plaintiff's cause of action to the Court, Plaintiff prays for judgment against Defendant in such amount as is allowable by law, for punitive damages, and for attorney fees as provided for by statute and for such other relief as the Court deems just and reasonable in the circumstances.

Electronically Filed - City of St. Louis - April 05, 2016 - 03:10 PM

Respectfully Submitted,

**SWMK Law, LLC**

By:\_\_\_\_/s/ Benjamin R. Schmickle_____
      Benjamin R. Schmickle, #57064
      Matthew C. Morris, #56404
      J. Joseph Kusmierczak, #65652
      Lauren E. Boaz, #61707
      Stephanie L. Gold, #57194
      Sophie A. Zavaglia, #66348
      Brandon D. Belt, #64725
      Ryan P. Horace, #64918
      ryan@swmklaw.com
      Attorneys for Plaintiff
      701 Market Street, Suite 1000
      St. Louis, MO 63101
      (314) 480-5180
      (314) 932-1566 – Facsimile



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC00842 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RENO COVA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BENJAMIN ROBERT SCHMICKLE<br>701 MARKET STREET STE 1000<br>SAINT LOUIS, MO  63101 | Process Server 1 _____<br><br>Process Server 2 _____ |
| Defendant/Respondent:<br> CHARTER COMMUNICATIONS INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | Process Server 3 _____ |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**  CHARTER COMMUNICATIONS INC
                                Alias:

**400 ATLANTIC STREET**
**STAMFORD, CT  06901**

**FAIRFIELD COUNTY, CT**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*Thomas Kloeppinger*

**APRIL 5, 2016**
      Date                                 Thomas Kloeppinger
                                           Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service
I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
    Signature and Title

**Service Fees, if applicable**
Summons      $_____
Non Est      $_____
Mileage      $_____ (_____ miles @ $ _____ per mile)
Total        $_____

See the following page for directions to clerk and to officer making return on service of summons.

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.