UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RENO COVA, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-675-CEJ |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). Defendant has responded in opposition, and the issues are fully briefed.

### **I.    Background**

On April 5, 2016, plaintiffs initiated this putative class action in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs Reno Cova and Logan O'Connor are citizens of Missouri. Plaintiff Zach Splaingard is a citizen of Illinois. Defendant Charter Communications, Inc. is incorporated in Delaware and maintains its principal place of business in Connecticut.

According to the complaint, defendant advertises and sells internet, phone, and television service, and leases to its subscribers related equipment. Defendant advertised it was "selling or providing" those goods and services to each subscriber at "monthly itemized rates." [Doc. #5 at 3] However, defendant allegedly all the while "knew" that its "products and services were not being offered for or provided at the total dollar rates marketed, advertised and intended." *Id.* That was so because defendant "did not disclose" it also "would be selling or providing for other valuable

consideration" the subscribers' "personally identifiable information" to third parties "unknown to the subscribers," and without the subscribers' "knowledge or adequate opportunity to consent." *Id.* That information included, among other things, the subscribers' names, addresses, and "retail subscription packages/channels." *Id.*

Plaintiffs allege defendant's actions mean its advertisements and agreements with its subscribers were deceptive, fraudulent, and misleading; violated the subscribers' rights to privacy and of publicity; and constituted fraud or negligent inducement to purchase its products and services. *Id.* The single-count complaint alleges defendant contravened the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010, *et seq.* As alleged here, the MMPA prohibits, "deception, fraud, false pretense, false promise, misrepresentation, . . . [and] suppression[] or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce" in Missouri. *Id.* § 407.020.1. Plaintiffs demand "all money paid" by the class members to defendant, compensation for "the loss of their rights to privacy and publicity," and punitive damages. [Doc. #5 at 4–5]

The putative class is not specifically delineated in the complaint. Plaintiffs allege claims on behalf of "themselves and all other[s] similarly situated." *Id.* at 1. The practices at issue are alleged to have occurred "within the City of St. Louis" and "other cities and counties throughout the State of Missouri." *Id.* at 2. If the allegations are true, therefore, the class would include all of defendant's Missouri subscribers whose personally identifiable information defendant provided to third parties, for value, without the subscribers' consent.

On May 13, 2016, defendant timely removed, invoking diversity jurisdiction,

pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).[1] Plaintiffs move to remand, disclaiming subject matter jurisdiction under CAFA. Conceding CAFA's minimal diversity requirement is met, plaintiffs maintain defendant has not established the proposed class comprises at least 100 people, or that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(5)(B), (6). Defendant submitted an affidavit that it had approximately 530,402 subscribers in Missouri in April 2016, all of whom are potentially members of the proposed class. [Doc. #1-2 at 1] Plaintiffs do not challenge defendant's assertion with respect to the number of its subscribers. Rather, they contend that, to remove, defendant must admit it sold 100 or more subscribers' information without their consent.

## II. **Legal Standard**

The burden of proving that subject matter jurisdiction exists rests with the party asserting it. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

"The court's jurisdiction is measured at the time of removal." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959–60 (8th Cir. 2014) (citation omitted). A "defendant's notice of removal need include only a plausible allegation that" the

---

[1] Defendant cites the entirety of 28 U.S.C. § 1332 in its notice of removal. But the parties have not briefed the question of jurisdiction on the basis of § 1332(a). In any event, because subject matter jurisdiction exists under § 1332(d), it is unnecessary to decide whether jurisdiction exists under § 1332(a). *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).

prerequisites of subject matter jurisdiction exist. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing" those elements "is required" to be produced "only when the plaintiff contests, or the court questions, the defendant's allegation," and may thus be produced following such a challenge after removal. *Id.*

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). However, while that axiom applies to removal under CAFA, it is equally true that "CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citations omitted). Consequently, unlike cases removed on the basis of § 1332(a), *see Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1020 (8th Cir. 2010), "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554.

### III. Discussion

Under CAFA, absent exceptions inapplicable here, federal courts have subject matter jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Such jurisdiction exists where the "number of members of all proposed plaintiff classes in the aggregate is" 100 or more, *id.* § 1332(d)(5)(B), and the aggregated "claims of the individual class members" meet the "matter in controversy" requirement. *Id.* § 1332(d)(6); *see Dart*, 135 S.

Ct. at 552. Plaintiffs dispute that defendant has established both the numerosity and amount-in-controversy requirements.

### A. Numerosity

A party seeking to remove must prove by a preponderance of the evidence, *see Dart*, 135 S. Ct. at 554, that the "number of members of all *proposed* plaintiff classes in the aggregate is" 100 or more. 28 U.S.C. § 1332(d)(2)(A) (emphasis added). A "'class' means all of the class members in a class action." *Id.* § 1332(d)(1)(A). In turn, the "'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(1)(D)).

To determine whom the proposed class comprises, courts "look[] through to 'the entire, actual controversy between the parties, as they have framed it.'" *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 837–38 (8th Cir. 2013) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009)). The "operative complaint at the time of removal . . . controls this determination." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). Thus, subject matter jurisdiction exists if the defendant evidences it is more likely than not that 100 or more people meet the proposed class definition pled in the complaint, assuming the allegations as framed by the complaint are true.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) (citations omitted). To meet this burden, a defendant may submit evidence in the form of affidavits and declarations. *See Dart*, 135 S. Ct. at 552. Such evidence may include information about the number of a defendant's customers

5

potentially within the proposed class, as defined in the complaint.  *See Westerfeld*, 621 F.3d at 823–24 (considering declarations as to the number of loans the defendants serviced to determine if the "local-controversy exception" to CAFA required remand of an MMPA putative class action).  Courts employ "commonsense assumption[s]" when examining such jurisdictional evidence.  *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 932 (8th Cir. 2010).

Further, the "removing party need not confess liability in order to show that the controversy exceeds" CAFA's "threshold[s]."  *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (quotation marks and citation omitted); *see id.* at 945–46 (approving consideration of statistical estimation evidence as to the number of potential class members to determine whether the requisite amount in controversy was established).  In an MMPA putative class action removed pursuant to CAFA, the Eighth Circuit has "reject[ed]" arguments that "would require a defendant to confess liability" to establish federal subject matter jurisdiction.  *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886–88 (8th Cir. 2013) (approving use of a defendant's "own sales figures in Missouri during the relevant statutory time period" to determine the scope of the proposed class and amount in controversy, and rebuffing the plaintiffs' argument that such data was "overinclusive" where not all customers might have been subjected to the particular sales practices alleged).

A defendant is therefore not required to admit the allegations, and thus deprive itself of potential defenses, to avail itself of a federal forum under CAFA.  *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 825 (8th Cir. 2011) ("[A] well-accepted jurisdictional maxim dictates that a meritorious defense does not undermine jurisdiction.").  It is instead sufficient to show it is more likely than not

that, if the defendant engaged in the conduct alleged, the proposed class would have 100 or more members. *See Bell v. Hershey Co.*, 557 F.3d 953, 955–56 (8th Cir. 2009); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

It is undisputed that defendant had at least 530,402 subscribers in Missouri during the relevant period. *See Dart*, 135 S. Ct. at 552; *Westerfeld*, 621 F.3d at 823–24. Contrary to plaintiffs' position, *Raskas*, 719 F.3d at 886–88, and *Hartis*, 694 F.3d at 945, establish that defendant need not concede it ever sold any of its subscribers' information to prove it is more likely than not that the proposed class would comprise 100 or more subscribers. *See* 28 U.S.C. § 1332(d)(1)(D); *Knowles*, 133 S. Ct. at 1348; *see also Schubert*, 649 F.3d at 825. Rather, it is sufficient that, if the allegations in the complaint are true and the class is as proposed, defendant purportedly sold all subscribers' personally identifiable information to third parties, for value, and without the subscribers' consent, in violation of the MMPA. *See Bell*, 557 F.3d at 955–56; *Kopp*, 280 F.3d at 885. Because over half a million such subscribers exist, the Court finds defendant has met its burden to show it is more likely than not that the proposed class numbers 100 or more. 28 U.S.C. § 1332(d)(2)(A).

  **B.** **Amount in Controversy**

A removing party must prove by a preponderance of the evidence that the amount in controversy is in excess of $5,000,000 where, as here, "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). Where a plaintiff does "not allege a specific amount in controversy in his complaint, the amount in controversy depends upon the value of the relief [he] seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citation

omitted).  In turn, that figure is measured by "the value to the plaintiff of the right sought to be enforced."  *Schubert*, 649 F.3d at 821 (quotation marks and citation omitted).  The amount in controversy at the time of removal controls this fact-intensive inquiry.  *CMH Homes*, 729 F.3d at 838; *Hargis*, 674 F.3d at 789–90.

"Under the preponderance standard, 'the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . .'"  *Bell*, 557 F.3d at 959 (quoting *Kopp*, 280 F.3d at 885).  "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is less than the requisite amount."  *Id.* at 956 (citation omitted).  The plaintiff must "establish that it is legally impossible to recover in excess of the jurisdictional minimum."  *Id.* at 959.

Damages, attorney's fees, and statutory penalties are considered in determining the amount in controversy.  *Rasmussen v. State Farm Mut. Auto Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005).  The potential for statutory punitive damages is also considered.  *See Clark*, 639 F.3d at 399 n.4.  The MMPA authorizes "punitive damages, and statutory attorney fees" if a plaintiff prevails.  *Westerfeld*, 621 F.3d at 824 n.2; *see Kopp*, 280 F.3d at 886 (noting "no statutory or judicially created limits on punitive damages . . . in Missouri").

As discussed above, the proposed class potentially encompasses at least 530,402 of defendant's subscribers.  If each such subscriber was subjected to the conduct alleged in the complaint, if that conduct violated the MMPA, and if each subscriber recovered just her or his actual damages, as a matter of commonsense the recovery could be in excess of $5,000,000.  *See Scottsdale*, 620 F.3d at 932.  To

exceed the $5,000,000 threshold, a factfinder would only have to be legally permitted to conclude that each subscriber was entitled to $9.43 in actual damages. See *Bell*, 557 F.3d at 959. Further, as defendant points out, even if the proposed class included just 10% of those subscribers, 5,304 people, the jurisdictional threshold would be satisfied if a factfinder could legally conclude that each subscriber was entitled to $942.69 in actual damages. See *id.*

Consistent with the Eighth Circuit's decisions on such amount-in-controversy calculations, the Court determines that a factfinder might legally reach those conclusions. See *Raskas*, 719 F.3d at 886–88; *Hartis*, 694 F.3d at 945; *Bell*, 557 F.3d at 959. That finding is buttressed by plaintiffs' demand for attorney's fees and punitive damages, both of which only serve to magnify the amount in controversy. See *Westerfeld*, 621 F.3d at 824 n.2; *Rasmussen*, 410 F.3d at 1031; *Kopp*, 280 F.3d at 886. The Court finds that defendant has proven by a preponderance of the evidence that the aggregate amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d)(2)(A), (6).

The defendant has established by preponderance of the evidence all of the elements of subject matter jurisdiction under CAFA. 28 U.S.C. § 1332(d).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #15] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2016.

9